NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1187-18

JONATHAN JEFFREY,

     Plaintiff-Appellant,

v.

STATE OF NEW JERSEY and
RUTGERS BIOMEDICAL
AND HEALTH SCIENCES,

     Defendants-Respondents,

and

ROBERT WOOD JOHNSON
UNIVERSITY HOSPITAL,
ROBERT WOOD JOHNSON
MEDICAL SCHOOL, BLS
AMBULANCE-RAHWAY
EMERGENCY ROBERT WOOD
JOHNSON UNIVERSITY HOSPITAL-
EMS DEPARTMENT MED CENTRAL,
RAHWAY PARAMEDICS AT
ROBERT WOOD JOHNSON,

     Defendants.

_____

> **APPROVED FOR PUBLICATION**
>
> **May 18, 2021**
>
> **APPELLATE DIVISION**

Submitted May 6, 2020 – Decided May 18, 2021

Before Judges Fuentes, Haas and Mayer.

On appeal from the Superior Court of New Jersey, Union County, Law Division, Docket No. L-1007-18.

Eichen Cruthclow Zaslow, LLP attorneys for appellant (Christopher J. Conrad, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondents (Sookie Bae, Assistant Attorney General, of counsel; William T. Rozell, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

On April 9, 2017, plaintiff Jonathan Jeffrey was involved in a one-vehicle motorcycle accident. He was severely injured and required several surgeries, including spinal decompression and fusion surgery. He was diagnosed with complete spinal cord transection at the C6-C7 level of his spinal cord, resulting in complete quadriplegia. Plaintiff alleges his injuries may have been caused or significantly aggravated by the professional negligence of medical staff employed by the State of New Jersey and Rutgers Biomedical and Health Sciences.

Plaintiff appeals from the order of Law Division denying his motion for leave to file a late notice of claim pursuant to the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, as well as the denial of his motion for reconsideration. Plaintiff argues the motion judge abused his discretionary authority when he found plaintiff did not engage in the necessary due diligence

2

to discover the identities of the public entities involved in his medical treatment and the emergency medical technicians (EMTs) who may have exacerbated his injuries by improperly placing him in the ambulance that took him from the scene of the accident to the hospital. The motion judge found plaintiff did not present sufficient evidence to satisfy the "extraordinary circumstances" required by the TCA under N.J.S.A. 59:8-9 to file a late notice of claim.

The TCA requires a plaintiff to file a notice of claim[1] within ninety days of its accrual. N.J.S.A. 59:8-8. The Law Division has the discretion to grant a claimant leave to file a notice of claim beyond that ninety-day timeframe, provided he or she shows by affidavit: (1) "extraordinary circumstances" for his or her failure to file a timely notice of claim and (2) the public entity or employees involved have not been "substantially prejudiced" by the plaintiff's tardiness. N.J.S.A. 59:8-9.

Although plaintiff consulted with an attorney seven months after the accident, plaintiff's counsel argues the gravity of his injuries made it "impossible or impractical" to view this delay as a failure to exercise due

---

[1] As made clear in N.J.S.A. 59:8-3(a): "Except as otherwise provided in this section, no action shall be brought against a public entity or public employee under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."

diligence. Defendant argues the motion judge properly exercised his discretion to find plaintiff did not show extraordinary circumstances to justify the relief provided by N.J.S.A. 59:8-9. After reviewing the record developed before the Law Division, we conclude the judge mistakenly exercised his discretionary authority and reverse. The motion judge failed to duly appreciate the magnitude of plaintiff's injuries and their life-altering ramifications.

I.

Plaintiff's cause of action is based on the manner in which EMTs transported him from the scene of the accident on April 9, 2017. Plaintiff claims the EMTs caused or exacerbated the injuries to his cervical spine by the way they picked him up from the ground and placed him inside the ambulance. Specifically, the EMTs lifted him by his clothing, without first stabilizing his back and neck with a board, and placed him in the ambulance that took him to Robert Wood Johnson University Hospital (RWJUH) in Newark.

Plaintiff was released from RWJUH on April 17, 2017 and transferred to Kessler Rehabilitation Center in West Orange, where he received inpatient rehabilitation therapy for two months. He continued to receive rehabilitation therapy on an outpatient basis for approximately four more months. However, plaintiff's counsel emphasizes that he "remains completely disabled and unable to perform rudimentary movements, let alone return to work." As explained in

4

the medical records, plaintiff has "tetraplegia," a term used to describe the inability to voluntarily move the upper and lower parts of the body. The areas of impaired mobility usually include the fingers, hands, arms, chest, legs, feet and toes and may or may not include the head, neck, and shoulders.

Plaintiff retained the law firm that represents him in this appeal on November 15, 2017. At that time, plaintiff used a wheelchair for mobility, was unable to move his legs, and had minimal movement of his upper extremities. His decision to consult an attorney was driven, in large part, by a collection letter dated October 24, 2017, from Trinitas Regional Medical Center. The letter warned that if plaintiff failed to make credit arrangements immediately, the account would be "FORWARDED TO OUR COLLECTION AGENCY OR AN ATTORNEY FOR POSSIBLE LEGAL ACTION."

Plaintiff averred in his certification that this was the first time he "understood that [he] had a potential claim against the emergency medical service and/or other persons or entities that provided medical care to [him] immediately after the April 2017 motorcycle accident." Before this consultation with counsel, he "did not know which persons or entities had provided medical care to [him] immediately after [his] accident."

On March 20, 2018, plaintiff's counsel filed this motion for leave to file a late TCA notice of claim. In her certification in support of the motion,

5

counsel stated that on December 28, 2017, she finally received sufficient information from a representative of RWJUH to conclude plaintiff's permanent disabilities may have been caused by "some or all of the medical care and treatment" he received at the scene of the accident. Counsel sent TCA notices to the relevant public entities and employees on February 7, 2018, followed by amended notices on February 14, 2018 and March 2, 2018. The Attorney General's Office opposed the motion on behalf of the State and Rutgers Biomedical and Health Science. The Law Division judge heard argument on the motion from counsel and denied the relief requested on June 8, 2018.

II.

N.J.S.A. 59:8-8 requires a notice of claim "relating to a cause of action for death or for injury or damage to person or to property shall be presented as provided in this chapter not later than the 90th day <u>after accrual of the cause of action</u>." (Emphasis added). In this appeal, plaintiff argues the Law Division judge erred in finding the accrual date was April 9, 2017, the actual date of the accident. The judge provided the following explanation for this decision:

> It is difficult for plaintiff to function in his daily life, let alone participate in investigating a complex legal issue such as a potential State and public entity liability. However, there is insufficient evidence in the record to show that plaintiff was not able to file a timely claim due to the severity of his injuries and the medical care he received following the accident. While the [c]ourt notes that plaintiff was hospitalized

A-1187-18

> for a period of time and being treated by in-patient rehab, he was soon released to outpatient rehab. <u>There is nothing to indicate that plaintiff, either through a family member, friend, or individual, was prevented from contacting or retaining legal counsel</u>.

> [(Emphasis added).]

In reaching this conclusion, the judge grossly misapprehended the magnitude of plaintiff's injuries. Plaintiff was twenty-five years old at the time of the accident. In one catastrophic event, he lost complete movement and sensation of his body. As described in his discharge summary from University Hospital, he suffered from "tetraplegia" a medical term also known as quadriplegia, defined as a "complete paralysis of both the arms and legs that is usually due to injury." Using the medical terminology in his discharge summary, plaintiff has "no motor or sensory function," "no rectal tone," and requires a "Foley catheter in place for [a] neurogenic bladder."

After completing two months of inpatient rehabilitation, a judge does not require psychiatric testimony to infer that plaintiff's emotional state was, at the very least, extremely delicate and highly fragile. It would thus be beyond insensitive to impose a duty on plaintiff to seek legal advice through surrogates composed of family members or friends, during this life-altering adjustment period. We are certain the Legislature did not intend for the

judiciary to construe the term "accrual" in N.J.S.A. 59:8-8 in a manner that abandons all vestiges of basic human empathy.

We thus hold November 15, 2017 as the accrual date. Under these circumstances, plaintiff's motion to seek leave of the court to accept the TCA notice of claim was only thirty-five days beyond the ninety-day timeframe in N.J.S.A. 59:8-8. We review a trial court's finding of extraordinary circumstances under the abuse of discretion standard. D.D. v. University of Medicine & Dentistry of New Jersey, 213 N.J. 130, 147 (2013). However, our Supreme Court has emphasized the need to examine "more carefully cases in which permission to file a late claim has been denied than those in which it has been granted, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application." S.E.W. Friel Co. v. New Jersey Turnpike Auth., 73 N.J. 107, 122 (1977) (emphasis added) (internal citations omitted). What constitutes "extraordinary circumstances" is inherently imprecise and must be determined on a case-by-case basis. O'Donnell v. New Jersey Tpk. Auth., 236 N.J. 335, 347 (2019).

Here, we hold the motion judge mistakenly exercised his discretion by not giving proper consideration to the traumatic ramifications of the catastrophic, life-altering injuries plaintiff suffered in this accident. The time

8                                                                                           A-1187-18

plaintiff spent receiving inpatient treatment at the Kessler rehabilitation center was not exclusively devoted to his physical recovery. We do not require an explicit detailed account of the emotional and psychological trauma plaintiff endured during this time period. It is self-evident that seeking an attorney to investigate the legal intricacies of a potential lawsuit was not among plaintiff's most pressing concerns during these emotionally difficult times.

After he completed the two-month impatient program at Kessler, plaintiff was required to confront and adjust to the physical limitations associated with living as a quadriplegic. Although this radical shift from a motorcyclist to a quadriplegic wheelchair user in no way diminishes the value and dignity of plaintiff's life, the inherent difficulties associated with this new reality cannot be viewed as a barrier to deny plaintiff access to our civil courts. These facts are sufficient to constitute "extraordinary circumstances" pursuant to N.J.S.A. 59:8-9. S.E.W. Friel Co., 73 N.J. at 122.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION